The final case set for argument this morning is No. 20-4213, Fleischer v. Barnard College. Ms. Fleischer, you may proceed. I can't hear you. Can you hear me? Yes. Yes, thank you. First of all, thank you, Judges Carney, Walker, and Wesley for hearing me and my opponents this morning. I really do appreciate it. The district court dismissed my case because it concluded that Local 2110 of the UAW did not breach its duty of fair representation. The court left untouched my claim that Barnard College breached the collective bargaining agreement when it fired me. Therefore, in the few minutes I have, I will address only the overriding legal errors with respect to my duty of fair representation claims. My claims against the union under the Labor Management Reporting and Disclosure Act and my request that the case be remanded to a different judge remain but on written submission. I have two main points. A. The lower court used an improper standard of review for a motion to dismiss. And B. The lower court miscalculated and misconstrued the statute of limitations in order to amputate the lion's share of union malfeasance. A. The lower court did not fulfill its obligation to accept my facts as true. Cavallaris v. New York Times asserts that, quote, the court is obligated to accept the version presented in the complaint as true, end quote. Instead, the lower court dismissed my factual allegations in order to make excuses for the union. Regarding a union's duty of fair representation. Ms. Fleischer, could you point precisely to what fact the district court that you alleged the district court did not take as true? Yes, I was going to get to that, but I'm happy to put it up front. I'm going to put forward the three main ones that I think speak particularly to the union having behaved arbitrarily, discriminatorily, and in bad faith. That is the legal standard for duty of fair representation. First, the union failed to file an internal complaint for discrimination based on union activity, as a result of which that claim could not be urged in the arbitration. Two, the union refused to recuse an arbitrator with two distinct conflicts of interest. And three, the union treated me disparately in comparison to another bargaining committee member who had supported the concessionary contract. It leaped over my arbitrator, whom I had tried to have removed for a better arbitrator, and restored the member in three months, while I waited 27 months for a bad decision. I want to invoke the 1970 Supreme Court case of Kozozik v. O'Mara, which states that, quote, Complaints should be construed to avoid dismissals. This is about duty of fair representation. And the plaintiff, at the very least, should be given the opportunity to file supplemental pleadings unless it appears beyond doubt that he cannot state a good cause of action, end quote. Yet I, a pro se litigant, was summarily dismissed with prejudice. No opportunity to revise my pleadings. Let me ask you a specific question, Ms. Fletcher. You claim that the district court dismissed your claim in part, insofar as you allege that the delay in arbitration proceedings was a breach. Could you describe what harm the delay caused for you? Yes, and I would point to the case of Grant that I referred to in my papers. I was interested in your complaint. What do you point to in your complaint as stating harm that accrued to you because of the delay? Well, I mean, I was terminated from my job. I lost my job. I waited 27 months for a decision. This is a catastrophic event in a person's life. And it's it's it's implicated with the question of the arbitrator. The arbitrator claimed not to be available to start until a year after I was terminated. And I urged the union to consider that as being not available and moving on to another arbitrator. And it refused to do so. I, you know, I also as someone who's an activist and who's used, you know, what we refer to as direct action as a means to accomplish various things in union activity. That really sort of knocked the wind out of my sails with being able to do that, you know, along with the conditions that were imposed on the arbitration that we had a gag order imposed on the arbitration. In other words, I had been very active through the union drive. And after I was terminated in, you know, organizing protests and so forth and so on, when when the thing is sort of, you know, diminished out to this long period of time, you lose momentum. I had a lot of support at the beginning and and a lot of that was dissipated. All right. Well, your time has expired. If you'd like to take a minute more, since I asked a couple of questions, just to to wrap up and you will have a minute of rebuttal as well. And then we'll turn to hearing from Barnard. Yeah, so the statute of limitations at the bottom of page eight of the lower court opinion, it asserts that all of my claims against local 2110, which, quote, challenge conduct that occurred prior to the arbitration are time barred. This is an incorrect statement legally, and it actually flows from the union having cited to Del Castello and the employer having cited to Depperman. But the opinion itself does not cite any case for that proposal. I want to point out that beginning with the case of Gardy, the Second Circuit case of Gardy, following with Cavallaris and including Mullin v. Bavona and several other cases. In fact, there's there's one that I didn't mention in my other in my papers, Ramey v. District 141. Lopping off all of the union's activities prior to the six month statute of limitation is simply legally incorrect. I'm seeking to make a distinction between when a statute of limitation tolls and when a cause of action accrues. And I'd like to quote a little bit from Mullin v. Bavona. Ms. Fleischer, we've kept you past your time and you have a minute of rebuttal. We have your papers and we reviewed them carefully, so it's not a good use of time for you to read from a case at the moment. I think we should turn to Barnard College and then the union to hear their responses. All right. Ms. Locia, have I pronounced your name correctly? Yes, Your Honor, but Councilor Barnard College is yes. Mr. Rapoli, please. Thank you. Thank you, Your Honor. Yes, this is Christopher Rapoli of Jackson Lewis appearing on behalf of Barnard and also appearing on papers with me as Felice Ackleman of Jackson Lewis. And Your Honors, appellant made a number of statements that we would like to address and we will address them. However, at the outset, I want to make sure that we remain focused on one determinative point. This appeal arises from a district court matter where appellant petitioned to vacate a labor arbitration award. The district court properly noted that is a very high burden for appellant to meet. And that's because courts are deferential to the bargain that's struck between management and labor in having an arbitrator decide disputes. And that's what the arbitrator did here in a 63 page decision. The arbitrator found based on contract arguments that Barnard was within rights to not reappoint appellant. The district court decision properly looks at what the union did in the arbitration to defend Ms. Fletcher, the appellant, and properly found relying on case law that there wasn't a duty of fair representation breach. Ms. Lozier will speak to what the union did in more detail, but just looking at what the district court relied on, it's more than apparent that the union not only met but far exceeded its duty of fair representation to Ms. Fletcher. For example, it advocated for petitioner over the course of six hearing dates. One of the things that appellant raises is that there was a delay in getting a decision from the arbitrator. One of the reasons that it took as long as it did was that there were six hearing dates before the arbitrator, which is almost unheard of in a labor arbitration. The union made record objections. They introduced scores of exhibits during that time. They secured an expert. They succeeded in convincing the arbitrator to reject some of Barnard's contract arguments. And by appellant's own admission, the union's representation was, quote, superb. That includes the 115-page brief that they filed. By any standard, the union's representation met its duty to appellant, but particularly based on this court's high standard in duty of fair representation cases. The union met its standard, and therefore the district court properly found that there wasn't a section 301 basis to vacate the arbitration award. Just very quickly, I'd like to respond to one or two of the points that appellant made in her argument. The court did address the district court on pages 12 to 13 of its decision, the recusal or the potential recusal of the arbitrator. So that was dealt with by the district court judge. The arbitrator's availability was not as extensive as appellant stated. In fact, the arbitrator was able to meet within a few months of the grievance being filed. And I'd note that the grievance was filed by the union on June 5th, which was about a month, I believe, after the non-reappointment decision. So the case was moved along fairly quickly by the union. Lastly, I'd just note that the case law in this circuit is very settled on the point of whether appellant is able to rely on conduct outside of the statute of limitations. That point was settled years before. And the answer to that question is appellant cannot rely on that conduct. The statute of limitations begins to run when the arbitration award was issued. That's been settled by this court. Okay, Mr. Rapola, I'm giving you a little extra time. Thank you for your argument. We'll hear from the union. Good morning, Your Honors. May it please the court. Dana Lausia representing Local 2110 of the UAW. I wanted to note initially that the Honorable Ronnie Abrams below did not ignore or reject any of the appellant's factual arguments, but did not accept her conclusory allegations and found that she had failed to state a claim. Turning to the timeliness argument, the only claims that appellant makes that are timely concern the union's handling of her grievance and arbitration concerning her non reappointment. The court accepted those claims as timely and determined on the merits in a sense that she did not state a claim for breach of the duty of fair representation in terms of the union's handling of her grievance. Ms. Fleischer acknowledged in writing that the union's attorney who advocated for her at the arbitration, Carl Levine, did superb work, did an admirable job and she wrote in an email to the union president that Carl aced the case. In fact, she relied very heavily upon the union's post hearing brief, not to point out that there was anything wrong with the brief, but to help her to advance the arguments against Barnard College that the union had made in its arbitration. We urge the court to review the brief and determine for itself whether the union's representation of the appellant was adequate. After receiving the arbitration award, Ms. Fleischer wrote in an email to the union president that she attached to her complaint that she very much wanted to challenge the award but she really did not want to sue the union. However, she had been advised that she had to do so in order to gain standing to raise her claim against Barnard. And Ms. Fleischer now has decided that not only has the union proceeded in bad faith after six days of arbitration hearing and expert witness and doing a superb job, but that the district court proceeded in bad faith against her that the arbitrator was biased against her and of course so was the college. There is no requirement in the law that a union seek to vacate an arbitrator's opinion and award and in fact the union explained to the appellant that there was no grounds for it to do so here. This court has stated that an arbitration award should be enforced, despite the court's disagreement with it on the merits. That's in Nichols versus Brookdale. And although we did disagree with the arbitrator on the merits here, there was simply no basis for the union to seek to disturb a final and binding arbitration award. Thank you for your argument. Ms. Fleischer, you have a minute of rebuttal. Putting aside the question of whether an arbitration award can be overturned or not, I still have claims for duty of fair representation against the union and claims against the college for breaching the collective bargaining agreement. The arbitrator had two distinct conflicts of interest. My argument is that had it not been for that arbitrator, I would have won the arbitration. Secondly, I totally disagree with Mr. Rippoll's statement about the statute of limitations. And again, I want to urge the case Cavalry v. New York Times, in which the court decided that the employees' earlier issues did not count from 1998, but it considered those issues. And I would just quote a little bit from Mullen v. Bivona, where there was a joining of earlier allegations to later allegations, based on the fact that the claims, quote, arise out of a related series of transactions and occurrences and share a common nucleus of operative fact. In other words, the bad collective bargaining agreement, which paved the way for my termination and the termination of so many of my colleagues, did not come into fruition until May 2017, when I was actually fired. I could not really bring charges against the union for the way that it behaved during the collective bargaining until there was an actual result, if you follow what I'm saying. Yes. Well, thank you very much for your argument. We have your papers, we'll review them carefully, and we will reserve decision. We have one case on submission, as I mentioned earlier, but that concludes our oral arguments for this morning. The clerk will please adjourn court. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.